UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ELIZABETH SANKEY, )
    Plaintiff, )
  )
v. )
  ) C.A. No. 19-634-JJM-PAS
UTGR, INC. d/b/a TWIN RIVER, Alias, )
TWIN RIVER MANAGEMENT GROUP, )
INC., Alias; and JOHN DOE, )
    Defendants. )

MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., Chief Judge, United States District Judge.

Elizabeth Sankey has sued UGTR, Inc. d/b/a Twin River and Twin River Management Group, Inc. ("Twin River") alleging claims of false arrest, malicious prosecution, defamation, false light, and intentional infliction of emotional distress arising out of the events surrounding her arrest, while she was working at Twin River. Twin River now moves to dismiss under Federal Rule 12(b)(6). ECF No. 5. For the following reasons, the motion is DENIED.

I.     BACKGROUND

The Court briefly summarizes the facts in the light most favorable to Ms. Sankey.

Ms. Sankey is an employee at Twin River. Twin River is a foreign corporation that owns and manages casinos and their respective hotels in Rhode Island, Mississippi, and Colorado. On October 21, 2017, Twin River called Rhode Island

State Police, who then arrested Ms. Sankey during her shift at Twin River.[1] As a result, Twin River terminated her employment on January 19, 2018. The state declined to prosecute Ms. Sankey and dropped the charges against her.

Ms. Sankey made a demand for arbitration contesting her discharge under the collective bargaining agreement between her, her union, and Twin River (hereinafter "the CBA"). An arbitrator issued a final and binding award concluding that Twin River did not have just cause to discharge Ms. Sankey and ordered Twin River to reinstate her to her position and make her whole for all lost wages and benefits. Twin River fully complied with the arbitrator's order.

Ms. Sankey began this action against Twin River[2] on February 20, 2019. She amended her complaint on June 20, 2019; that complaint was served on Twin River five months later on November 26, 2019. The allegations brought against Twin River are based on Ms. Sankey's arrest and events surrounding her arrest while working at Twin River, not her termination. Specifically, she alleges that Twin River caused her to be falsely arrested and unlawfully detained, maliciously prosecuted and wrongfully abused process, defamed Ms. Sankey by falsely accusing her of illegal activities and casting her in a false light, and intentionally inflicted emotional abuse upon her. She alleges that this pre- and post-arrest (but pre-termination) conduct, caused her emotional harm.

---

[1] No where in the record does it say why Twin River called the police on Ms. Sankey or why the police arrested Ms. Sankey.

[2] Ms. Sankey also sued John Doe, who she says is one or more unidentified employees and/or co-conspirators of Twin River.

2

Twin River now moves to dismiss the Amended Complaint (ECF No. 5), which Ms. Sankey opposes. ECF No. 7.

II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) tests the plausibility of the claims presented in a plaintiff's complaint. "To avoid dismissal, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *García-Catalán v. United States*, 734 F.3d 100, 102 (1st Cir. 2013) (quoting Fed. R. Civ. P. 8(a)(2)). At this stage, "the plaintiff need not demonstrate that she is likely to prevail, but her claim must suggest 'more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* at 102–03 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"The plausibility inquiry necessitates a two-step pavane." *García-Catalán*, 734 F.3d at 103. "First, the court must distinguish 'the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" *Id.* (quoting *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)). "Second, the court must determine whether the factual allegations are sufficient to support 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011)). "In determining whether a complaint crosses the plausibility threshold, 'the reviewing court [must] draw on its judicial experience and common sense.'" *Id.* (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).

III. DISCUSSION

Four Counts remain in Ms. Sankey's First Amended Complaint; Twin River seeks dismissal of each. The Court addresses them in turn.[3]

A. Rhode Island Rules of Civil Procedure Rule 4(l).

Under the Federal Rules of Civil Procedure 4(m), a plaintiff has 90 days to serve her complaint on the defendant or show good cause for the failure to do so. Fed. R. Civ. P. 4(m). However, in cases where state complaints are removed to federal court, "the general rule [is] that state law governs sufficiency of process prior to removal and should be applied by federal courts in determining whether there were procedural deficiencies prior to removal." *Osborne v. Sandoz Nutrition Corp.*, No. 95-1278, 1995 WL 597215, at *2, (1st Cir. Oct. 6, 1995); *see also Bay Street Neighborhood, LLC v. Devine*, No. 15-150S, 2015 WL 6696810, at *6, (D.R.I. Nov. 3, 2015). The issue of service here occurred prior to removal so this Court must look to the Rhode Island Rules of Civil Procedure to determine if Ms. Sankey's service was timely. *Id.*

Under Rhode Island Superior Court Rule of Civil Procedure 4(l), a plaintiff must serve her complaint "within one hundred and twenty (120) days after the commencement of the action." R.I. Super. Ct. R. Civ. P. 4(l). Failure to timely serve requires dismissal, but "the court shall extend the time for service for an appropriate

---

[3] Twin River moved to dismiss all claims, arguing that Rhode Island's anti-SLAPP statute immunized its actions. In its reply, Twin River withdraws this argument, agreeing that *Hometown Properties, Inc v. Fleming*, 680 A.2d 56 (R.I. 1996) precludes this argument at this stage, but reserves the right to make its argument on summary judgment. ECF No. 8.

period" if a plaintiff can show "good cause for the failure." *Id.; see also Bay Street Neighborhood*, 2015 WL 6696810, at *10. However, notes to Amended Rule 4(l) show that, although stated specifically in the rule, good cause need not be shown for a district court to extend the time warranted for service.[4] *Id.* In the absence of good cause, the court has discretion to either dismiss the case or allow a plaintiff more time to serve. *Grey v. Derderian*, No. C.A. 04-312L, 2007 WL 296212, at *2, (D.R.I. Jan. 26, 2007). Therefore, in light of the posture of this case, the Court declines to dismiss Ms. Sankey's case under Rhode Island Rule 4(l)'s 120 day limit and will exercise its discretion to extend the time for service because timeliness is the only defect and as such, dismissal without prejudice would simply result in Ms. Sankey refiling the action. Accordingly, Twin River's motion to dismiss for failure to timely serve is DENIED.

B. The Labor Management Relations Act.

Twin River also moves to dismiss Ms. Sankey's complaint, arguing that the Labor Management Relations Act ("LMRA") preempts her claim. Section 301 of the LMRA grants federal jurisdiction over claims arising from labor disputes. *Allis–Chalmers*

---

[4] Rule 4(l) was amended to "enlarge[ ] the power of a judge ruling on a motion to dismiss under this rule. It follows a 1993 amendment to the corresponding Federal Rule (4m). The Advisory Committee note to that amendment reads in part as follows: 'The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown. . . . Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a default in attempted service.'" R.I. Super. Ct. R. Civ. P. 4(l) advisory committee's note.

5

*Corp. v. Lueck*, 471 U.S. 202, 220–21 (1985). Specifically, Section 301 governs claims that are based on rights created by collective-bargaining agreements ("CBA") and claims that are substantially dependent on the analysis of such. *Whitehurst v. 1199SEIU United Health Care Workers East*, 928 F.3d 201, 207 (2d Cir. 2019) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987)). The Supreme Court has treated Section 301 as "a warrant both for removing to federal court state law claims preempted by section 301 and then dismissing them." *Id*; *see also O'Donnell v. Boggs*, 611 F.3d 50, 53 (1st Cir. 2010).

To decide Twin River's motion on this ground, the Court must first consider whether Ms. Sankey's claims are completely preempted. "Whether a given claim is completely preempted depends importantly on the elements of that claim under state law and the content of the applicable CBA." *O'Donnell v. Boggs*, 611 F.3d 50, 54 (1st Cir. 2010); *see also Haggins v. Verizon New England, Inc.*, 648 F.3d 50, 55 (1st Cir. 2011). If, in order to resolve the state-law claim, the analysis is "substantially dependent" upon or "inextricably intertwined" on the CBA, the claim must be treated as a Section 301 claim or be dismissed. *Allis-Chalmers Corp.*, 471 U.S. at 213; *see also Quesnel v. Prudential Ins. Co.*, 66 F.3d 8, 10 (1st Cir. 1995). A state-law claim depends on the meaning of a CBA if either "(1) it alleges conduct that arguably constitutes a breach of duty that arises pursuant to a collective bargaining agreement, or (2) its resolution arguably hinges upon an interpretation of the collective bargaining agreement." *Haggins*, 648 F.3d at 55.

However, if a plaintiff asserts a claim that is independent of the CBA agreement, preemption does not occur. *Caterpillar Inc.*, 482 U.S. at 396. A state-law claim is considered independent of a CBA when "resolution of the state-law claim does not require construing the collective-bargaining agreement." *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 407 (1988). Mere consultation of the CBA does not compel preemption. *Poole v. Mackey*, 891 F. Supp. 2d 255, 259 (D.R.I. 2012). And "'purely factual questions about an employee's conduct or an employer's conduct and motives do not require a court to interpret any term of a collective-bargaining agreement.'" *Id.* (quoting *Flibotte v. Pennsylvania Truck Lines, Inc.*, 131 F.3d 25, 26 (1st Cir. 1997)).

The Court finds that it does not have enough facts to determine whether Ms. Sankey's asserted claims of false arrest, malicious prosecution, defamation, false light, and intentional infliction of emotional distress arise from a breach of duty under the CBA. At this stage of the case, the Court cannot conclude that Ms. Sankey's allegations either depend on an analysis of the CBA or on conduct outside the scope of the CBA. Furthermore, because the Court has determined at this juncture of the case that Ms. Sankey's claims are not preempted under the LMRA, it finds that the Act's six-month statute of limitations does not bar Ms. Sankey's claims. *See DelCostello v. Teamsters*, 462 U.S. 151, 155 (1983) (holding that the six-month statute of limitations period applied to LMRA claims against an employer). Accordingly, Twin River's motion to dismiss based on LMRA preemption is DENIED.

C. Election of Remedies Doctrine

7

Twin River's final argument in favor of dismissal is that the election of remedies doctrine bars Ms. Sankey's suit here because she already pursued her administrative rights and was awarded her remedy under the arbitration agreement with her union and Twin River.

"The election of remedies doctrine applies only when the remedies sought are legally or factually inconsistent." *Dopp v. HTP Corp.*, 947 F.2d 506, 514 (1st Cir. 1991). The purpose of the doctrine is to prevent double recovery for the same wrongdoing. *Id.; see also Connectu LLC v. Zuckerberg*, 522 F.3d 82, 90 (1st Cir. 2008). Under this theory, a litigant may not use one interpretation of facts that would allow particular relief and then assume a contrary interpretation that would entitle the litigant to different relief. *Dionne v. Mayor and City Council of Baltimore*, 40 F.3d 677 (4th Cir. 1994). As such, "[t]he justice of enforcing the doctrine of election of remedies...is emphasized by a consideration of the facts." *U.S. v. Oregon Lumber Co.*, 260 U.S. 290, 296 (1922).

The Court concludes that Ms. Sankey's claims against Twin River in this case are not barred by the arbitration she pursued when Twin River terminated her. The arbitration decision involved her wrongful termination claims only and this complaint's allegations are rooted in Twin River's wrongful actions before the arbitration decision was sought. Because the arbitration decision involved a separate and distinct issue based on separate and distinct facts, Ms. Sankey's pursuit of these claims here would not provide inconsistent remedies. When different remedies can be enforced for different rights or distinct wrongdoings, the election of remedies has

8

no application. *Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 934 (8th Cir. 2000). Accordingly, Twin River's motion to dismiss on this ground is DENIED.

IV. CONCLUSION

For the foregoing reasons, the Court DENIES Twin River's Motion to Dismiss. ECF No. 5

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

March 10, 2020